IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| COREY ALLEN WILSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:11CV972 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner, has submitted a document entitled as "Defendant's Motion for Court's Recommendation to Federal Bureau of Prisons." In that motion, he asks that the court recommend to the Bureau of Prisons that he receive credit toward his federal sentence for ten years that he served in the Pennsylvania prison system prior to beginning his federal sentence. He believes that his motion is proper under BOP Program Statement 5160.05. The Court first notes that Petitioner's motion appears to be a challenge to the execution of his sentence. Such a challenge is ordinarily brought through an application for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. *See*, *e.g.*, *Youngworth v. United States Parole Commission*, 728 F. Supp. 384, 388 (W.D.N.C. 1990). Petitioner's submission will be construed and filed as such. However, in a § 2241 action, the petition should be filed in the district court of the district where the petitioner is in custody. *Id.* (citing *Braden v. 30th*

*Judicial Circuit*, 410 U.S. 484, 495-500 (1973)). Accordingly, this petition cannot be further processed because it appears that Petitioner is incarcerated in a federal prison in Pennsylvania. To the extent that this filing can be construed as one under § 2241, this particular petition should be dismissed, but without prejudice to Petitioner filing a new petition in the proper district. Petitioner should seek the proper forms from the Clerk of that district and file the petition there. *In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation of dismissal with permission to file a new petition in the proper district.

To any extent to which Petitioner's motion could be construed as something other a § 2241 petition and was properly filed in this district, is should be denied. Although Program Statement 5160.05 does sometimes allow for courts to retroactively recommend that a prisoner be credited with time served in a state facility, it allows this only in narrow circumstances which, according to the facts set out by Petitioner, are not present in this case. The Program Statement allows for retroactive service where a defendant receives a federal sentence, the federal judgment makes no statement as to whether that sentence is to be consecutive to, or concurrent with, any state sentence, the defendant later receives a state sentence, and the defendant serves the state sentence before beginning his federal sentence. PS 5160.05, ¶ 4(c). If this occurs, the defendant may request that the BOP explore a *nunc pro tunc* designation under which the time in the state facility is counted toward his federal sentence. *Id*. ¶ 4. If the BOP finds that such a designation is appropriate, it can then contact

the sentencing judge to see if the judge has any objections to a retroactive designation. *Id*. ¶ 4(c). However, the Program Statement explicitly states that it does "not allow a concurrent designation if the sentencing court has already made a determination regarding the order of service of sentence (e.g., the federal sentencing court ordered the sentence to run consecutively to any other sentence, or custody in operation, during the time in which the inmate requests concurrent designation)." *Id*. ¶ 4(f).

Here, according to Petitioner and the record, Petitioner received his Pennsylvania sentence prior to receiving his federal sentence and Petitioner's federal sentence was ordered to served consecutive to his state sentence. (Civil Case, Docket No. 1 at 2-3; Criminal Case 6:96CR154-1, Docket No. 48.) Further, the request for a recommendation comes from Petitioner and not the BOP. For all of these reasons, to the extent that the Court may have the power to hear this matter, Petitioner's motion should be denied.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

**IT IS THEREFORE RECOMMENDED** that this action be dismissed *sua sponte* without prejudice to Petitioner filing in the proper district to the extent that his current filing can be construed as a petition under 28 U.S.C. § 2241 and denied on the merits to the extent that it could be construed as a proper filing in this Court.

This the  17th  day of January, 2012.

                                            /s/ P. Trevor Sharp
                                       United States Magistrate Judge